# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1685 | **DATE** | 4/16/2012 |
| **CASE TITLE** | Kimyuna Jackson vs. Carol Stream Police Department | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* is granted [# 4]. Plaintiff's motion to appoint counsel is denied [# 5], because the motion does not reflect that plaintiff has made sufficient efforts to obtain counsel on her own. Summonses will not be issued at this time for the reasons described below. Plaintiff is given leave to file a proposed amended complaint in conformity with this order, by no later than 5/9/12. If plaintiff does not file a proposed amended complaint by the deadline, the Court will assume that she does not wish to proceed with this suit and will dismiss the case. If plaintiff does fil a proposed amended complaint by the deadline, the Court will evaluate it as provided in 28 U.S.C. § 1915(e)(2).

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

*Pro se* plaintiff Kimyuna Jackson has filed an action under 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*, that is, without paying the usual filing fee. The Court grants the motion because Ms. Jackson is financially unable to pay the filing fee.

The Court has reviewed the complaint as provided in 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or fails to state a claim upon which relief may be granted. Ms. Jackson alleges that in March 2010, she called the Carol Stream police to report that a cousin had taken from plaintiff's home a firearm belonging to her. She says that in October 2010, evidently as a result of the March 2010 incident, she was falsely arrested for obstructing a police officer and attempted possession of a firearm without a firearm owner's identification card. The charges were later dismissed.

Ms. Jackson names as a defendant only the Carol Stream Police Department. A police department is not a suable entity. *See, e.g., Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). The Court therefore dismisses the complaint in its current form and directs the Clerk to terminate the Carol Stream Police Department as a defendant.

The Court, on its own motion, gives plaintiff leave to file an amended complaint naming properly suable defendants. Plaintiff is advised that in suits under 42 U.S.C. § 1983, the proper defendants are the police officers who she contends were personally involved in violating her constitutional rights. *See, e.g., Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010). Plaintiff may well know the names of the officers who she contends falsely arrested her, by virtue of documentation she or her lawyer likely received in connection with the criminal charges that were made against her. But if plaintiff does not have that information, she may name the Village of Carol Stream in her amended complaint and, once the Village has been served and has appeared in the case, she may conduct discovery (such as by sending written interrogatories to the Village's

| STATEMENT |
|---|

attorney) to attempt to identify the officers.  Plaintiff is advised that the statute of limitations for claims under 42 U.S.C. § 1983 is two years, which in a false arrest case runs from the date of the arrest, so plaintiff must proceed quickly in order to name the proper defendants before the statute of limitations runs out.

Plaintiff is advised that to the extent she asserts federal claims under 42 U.S.C. § 1983, any liability by the Village of Carol Stream is limited to a claim that it had a municipal policy, practice, or custom that caused the alleged constitutional deprivation; *respondeat superior* liability is unavailable under 42 U.S.C. § 1983. *See, e.g., Palka v. City of Chicago*, 662 F.3d 428, 434 (7th Cir. 2011).  The Village may also be liable under state law, specifically 745 ILCS 10/9-102, to indemnify individual officers for liabilities imposed against them.

Though not specifically cited by plaintiff, the allegations underlying her complaint may also give rise to state-law claims that are to some extent parallel to her federal claims.  *Respondeat superior* liability on the part of the Village of Carol Stream may exist to some extent if plaintiff asserts state-law claims.  Plaintiff is advised that the statute of limitations on state law claims may be shorter than the two-year period that applies to her claims under 42 U.S.C. § 1983 and that the statute of limitations on such claims may have already run out.